FILED
MAR 3 - 2005
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ISAAC JONES a/k/a CLEVELAND JAMES,

    Petitioner,

v.

JERRY BOLHER,

    Respondent.

Case No. 04 C 5586

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Petitioner Isaac Jones (hereinafter, "Jones") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2254, and subsequently filed an amended § 2254 motion. Respondent Government filed a motion to dismiss on the grounds that Petitioner's motion is time-barred. For the following reasons, the Respondent's Motion to Dismiss is granted.

### I. BACKGROUND

Following a jury trial, Jones was convicted of first-degree murder. On November 2, 1998, the Cook County Circuit Court sentenced Jones to thirty-eight years in prison. Jones appealed his conviction and sentence, and the Illinois Appellate Court affirmed the trial court judgment. *People v. Jones*, 313 Ill.App.3d 1092 (2000). Jones filed a petition for rehearing, which the appellate court denied on August 1, 2000. Jones subsequently sought leave to appeal the appellate court judgment to the Illinois Supreme Court. The court

denied his petition for leave on November 29, 2000. *People v. Jones*, 192 Ill.2d. 699 (2000). Jones did not petition for a writ of certiorari.

On May 9, 2001, Jones filed a petition seeking post-conviction relief in the Cook County Circuit Court. The Court dismissed the petition on August 3, 2001. On March 7, 2003, the Illinois Appellate Court affirmed the dismissal of Jones' post-conviction petition. Jones sought leave to appeal the judgment. On October 7, 2003, the Illinois Supreme Court denied Jones' petition. *People v. Jones*, 205 Ill.2d 616 (2003).

Jones filed the initial § 2254 motion with the Court on August 25, 2004, which he signed on August 19, 2004. On September 2, 2004, the Court granted Jones leave to submit an amended petition. Jones filed the amended § 2254 motion on September 16, 2004. The 2254 Petitions are sometimes collectively referred to herein as "§ 2254 Motion."

## II. **DISCUSSION**

### A. **Statute of Limitations**

28 U.S.C. § 2244(d)(1) provides a one-year statute of limitations for a person in custody to apply for a writ of habeas corpus appealing his or her state conviction. The one-year period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). The limitations

period is tolled, however, during the time period that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2).

Here, because Jones did not petition for a writ of certiorari, the one-year period began to run when "all direct criminal appeals in the state system [were] concluded, followed by the expiration of the [ninety-day period of] time allotted for filing a petition for writ." Anderson, 281 F.3d at 675. Jones' direct appeal in the state system concluded on November 29, 2000. Adding in the ninety-day certiorari window, the one-year limitation period commenced on February 28, 2001.

The statute of limitations ran for 70 days from February 28, 2001 until May 9, 2001, when Jones filed a state post-conviction petition. The limitation period was tolled, or did not run, from May 9, 2001 until October 7, 2003, the date on which the Illinois Supreme Court denied Jones' leave to appeal the denial of his post-conviction petition. The statute of limitations then resumed, and continued to run at least through August 19, 2004, the date that Jones signed the original § 2254 motion -- a total of 317 days. The Court actually did not receive the motion until August 25, 2004 – which would add five additional days to the total, but the Court affords Jones the benefit of the doubt.

Adding the 317 days to the 70 days, the Court concludes that 387 days ran before Jones filed his § 2254 petition with the Court. As

Jones filed his habeas petition more than 365 days after his state judgment became final, the one-year statute of limitations had already expired when he filed the § 2254 Motion.

## B. Equitable Tolling

Jones argues that his lack of legal knowledge and limited library access should prevent the statue of limitations from applying here, which the Court construes as arguments for equitable tolling. Equitable tolling is a "judge-made doctrine . . . that excuses an untimely filing when the plaintiff could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." *Taliani v. Chrans*, 189 F.3d 597 (7th Cir. 1999). Equitable tolling is granted sparingly and not appropriate here because limited legal knowledge and library access are not extraordinary circumstances that are "far beyond the litigant's control [to] prevent[] timely filing." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).

## III. CONCLUSION

For the reasons stated herein, Jones' § 2254 petition is time-barred, and accordingly, Respondent's Motion to Dismiss is **GRANTED**. **IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: March 3, 2005